# Dibble v. Dibble

*Timothy B. Bitler,* for plaintiff.
*Jerome R. Smith,* for defendant.

GRIM, *J.,* April 4, 1991—The matter before the court is defendant's petition to modify and/or reduce an order of support for four minor children. The parties agreed that no testimony was necessary since the facts are undisputed, and that the court would decide the issue based on the record and aided by the memoranda of law submitted by them. The following are the pertinent facts.

Plaintiff, Lynne M. Dibble, and defendant, Bernard A. Dibble, were wife and husband. On May 8, 1990, they executed a comprehensive property settlement agreement pending their divorce. On September 21, 1990, this court signed the divorce decree which included the following paragraph:

"The determination and disposition of property rights and interests between the parties to property held by them as tenants by the entireties or otherwise and of any other matters heretofore agreed upon by and between the parties shall be governed by the written agreement of the parties dated May 8, 1990, which is filed of record and incorporated here by reference."

The provision regarding defendant's support obligation reads as follows:

"(5) Child Support:

"Parties agree that Husband shall pay Wife child support in the amount of at least $310 per week and in addition shall provide medical insurance coverage for minor children at least comparable to coverage now. in effect. The parties agree the obligation set forth in this paragraph is contractual and serves as a minimum obligation of the Husband. Parties agree to amount in this paragraph with the understanding that this is part of the entire agreement contained herein."

In the beginning defendant made the required support payments. Defendant filed the instant petition in January 1991. Plaintiff filed an answer to the petition. She submits that the agreement represents a valid contract between the parties and is therefore not modifiable; any challenge to the agreement must be brought pursuant to a contract action.

Title 23 P.S. §401.1 which governs the effect of an agreement between the parties provides:

"(a) A party to an agreement regarding matters within the jurisdiction of the court under this act, whether or not the agreement has been merged or incorporated into the decree, may utilize a remedy or sanction set forth in this act to enforce the agreement to the same extent as though the agreement had been an order of the court except as provided to the contrary in the agreement.

"(b) A provision of an agreement regarding child support, visitation or custody shall be subject to modification by the court upon a showing of changed circumstances.

"(c) In the absence of a specific provision to the contrary appearing in the agreement, a provision regarding the disposition of existing property rights

and interests between the parties, alimony, alimony pendente lite, counsel fees or expenses shall not be subject to modification by the court."

This statute became effective immediately upon passage in 1988.

The court believes that the statute is unequivocal in that it states that if a change of circumstances is proven, an agreement regarding child support can always be modified, whether or not the agreement is merged.

Plaintiff cites several cases which hold that a non-merged agreement containing a support provision cannot be modified. The court finds that these cases are inapposite to the instant case. Plaintiff's cited cases pertain to agreements which were executed prior to the effective date of the statute or do not concern support provisions.

Defendant cites the case of *Bell v. Bell*, 390 Pa. Super. 526, 568 A.2d 1297 (1990). Although the Superior Court determined that the parties' agreement survived the entry of the divorce decree and the provision regarding child support could not be modified, the case is distinguishable from the instant proceeding in that the *Bell* agreement was entered into before the Divorce Code was amended by section 401.1. The dissent, however, believed that the date of the execution of an agreement should not be the controlling factor in determining the applicability of the statute and would have decided the case under the statute.

In the case sub judice, however, there is no impediment to the application of the statute since the parties executed their agreement after the passage of the amendments to the Divorce Code. The court will permit defendant to file a petition for modification. There is no support proceeding filed in the Domestic Relations Section since support was

paid pursuant to the agreement. Therefore, the court will permit defendant to file a petition for modification in the Domestic Relations Section and any modification will be retroactive to the date of the filing of the petition in that office.

In accordance with the foregoing opinion, the court enters the following

## ORDER

And now, April 4, 1991, after consideration of defendant's petition to modify and/or reduce an order of support, it is hereby ordered that defendant is permitted to file a petition for modification in the Domestic Relations Section and after the filing of said petition the Domestic Relations Section is to schedule the matter for a conference to determine if a modification of child support is appropriate based on a change of circumstances.